```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF ARKANSAS
                        WESTERN DIVISION


EQUAL EMPLOYMENT OPPORTUNITY        )
   COMMISSION,                      )
                                    )
                    Plaintiff,      )    CIVIL ACTION NO.
                                    )    4-05-CV0000760 JMM
v.                                  )
                                    )
                                    )
LINDSEY MANAGEMENT COMPANY, INC.    )
 d/b/a EAGLE HILL APARTMENTS        )
                                    )
                    Defendant.      )
```

CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter the "Commission") against the Defendant, Lindsey Management Company, Inc. d/b/a Eagle Hill Apartments, pursuant to Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to remedy unlawful practices alleged in the Complaint filed in this action.

In the event this proposed Consent Decree is not approved or does not become final, then it shall not be

admissible in evidence in any subsequent proceeding in this action.  This Decree shall not constitute evidence of any violation by the Defendant of the Americans With Disabilities Act, as amended, and shall not be admissible in any other civil actions other than actions arising out of the rights and obligations of the parties under this Decree.

Further, nothing herein shall be deemed to be an admission by Defendant that it has at any time or in any manner violated the Americans With Disabilities Act, 42 U.S.C. §12101, et seq.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations, the statements of counsel for all parties, and hereby approves the Consent Decree.

**NOW**, **THEREFORE**, the Court being fully advised in the premises, it is hereby **ORDERED, ADJUDGED AND DECREED**:

### I.  JURISDICTION

The United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the parties and subject matter of this litigation.

### II.  SCOPE AND DURATION OF DECREE

A.  This Consent Decree resolves all issues and claims

arising out of the Commission's Complaint in this cause alleging unlawful employment policies and practices maintained by the Defendant and arising out of Charge No. 251-2004-01659 filed by the Charging Party Gary Fleeman with the Commission.  Notwithstanding any provisions contained in this Decree, this agreement shall not be considered in any manner to be dispositive of any charge now pending before any office of the Commission other than Charge No. 251-2004-01659.

B.   The provisions of this Consent Decree shall continue to be effective and binding upon the parties to this action for a period of Eighteen (18) months from the date of the entry of this decree.

### III.   NON-DISCRIMINATION PROVISION

A.    Defendant, its officers, agents, management, (including supervisory employees), successors, assigns, are hereby enjoined from knowingly or intentionally violating the ADA by failing to provide reasonable accommodations to any employee with a disability as required by the Americans With Disabilities Act, as amended.

B.    Defendant, its officers, agents, employees, and all persons acting in concert with Defendant are hereby enjoined from taking any retaliatory measure against Gary

Fleeman or any other person for opposing practices made unlawful under the Americans With Disabilities Act or for making a charge or complaint to the Commission, testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under the Americans With Disabilities Act.

### IV. **TRAINING**

A.   Defendant agrees to conduct a training session on the  requirements of Title I of the Americans With Disabilities Act for all the management employees at Defendant's Eagle Hill facility in Little Rock, Arkansas. This training session will be conducted within ninety (90) days of the entry of this decree.  A list of the employees that attend the training session, a copy of the syllabus, and a copy of the training materials will be provided to Plaintiff within thirty (30) days of the training session

B.   Defendant will provide a copy of its Americans With Disabilities Act policy to all of its employees at Defendant's Eagle Hill facility in Little Rock, Arkansas, within thirty (30) days of the entry of this decree.

### V. **NOTICE**

Defendant shall post at Defendant's Eagle Hill

facility in Little Rock, Arkansas, the notice (poster) required to be posted pursuant to the Americans With Disabilities Act, as amended.  Furthermore, Defendant shall conspicuously post the notice at Appendix A of this Decree at its Eagle Hill facility in Little Rock, Arkansas, for a one year period commencing within ten (10) days after entry of this Decree by the Court.

## VI.   INDIVIDUAL RELIEF

A.   Defendant shall expunge from Gary Fleeman's personnel records any unfavorable or adverse personnel comments regarding any aspect of his employment with Defendant.  Defendant shall expunge from Gary Fleeman's personnel records any reference to EEOC Charge No. 251-2004-01659 and Mr. Fleeman's participation in this litigation.

B.   Defendant shall pay to Gary Fleeman in the form of a business or cashier's check made payable to "Gary Fleeman" the sum of Thirty-nine Thousand Dollars ($39,000) in compensatory damages and One Thousand Dollars ($1,000), less applicable deductions as back wages, at the following address within ten (10) days after entry of this Decree by the Court:

>     Gary D. Fleeman
>     3201 LaCross
>     Bryant, Arkansas   72022

C.   Defendant shall forward a copy of the check to Pamela B. Dixon, Esq., at the EEOC Office in Little Rock, Arkansas.

D.   Defendant agrees to give a neutral reference to any potential employers of Gary Fleeman who request a job reference provided that Mr. Fleeman identifies the contact as the Director of Human Resources for Lindsey Management Company.  Defendant is only responsible for the comments made by that person.   Any such neutral reference shall be identical to the form demonstrated in Appendix B.  No mention of Mr. Fleeman's charge of discrimination or this action will be made as part of the neutral reference.

## VII.  COSTS

EEOC and Defendant shall bear their own costs, including attorneys' fees.

**SO ORDERED THIS 19th DAY OF April, 2006.**

_____
UNITED STATES DISTRICT JUDGE

| **COUNSEL FOR PLAINTIFF** | **COUNSEL FOR DEFENDANT** |
|---|---|
| **JAMES LEE**<br>Deputy General Counsel | /s/  **J. BRUCE CROSS**<br>Cross, Gunter,<br>Witherspoon & Galchus |
| **GWENDOLYN YOUNG REAMS**<br>Associate General Counsel<br>Avenue, | 500 President Clinton<br>Suite 200<br>Little Rock, AR  72201<br>501) 371-9999 |

/s/  **TERRY BECK**
**TERRY BECK**
Supervisory Trial Attorney


/s/  **PAMELA B. DIXON**
**PAMELA B. DIXON**
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
820 Louisiana, Ste. 200
Little Rock, AR 72201
Telephone:  (501) 324-5065

**APPENDIX A**

**NOTICE**

**NOTICE**

1.   Lindsey Management Company, Inc. d/b/a Eagle Hill Apartments has agreed as part of a settlement with the EEOC to post this notice for one year to reinforce the company's policies concerning the Americans With Disabilities Act.

2.   Federal law prohibits an employer from discriminating against applicants for employment or employees who are qualified individuals with disabilities.

3.   Federal law prohibits an employer from taking retaliatory action against any employee for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

4.   Lindsey Management Company, Inc. will continue to support and comply with such Federal laws in all respects. Lindsey Management Company, Inc. will not discriminate against applicants for employment or employees who are qualified individuals with disabilities.  Lindsey Management Company, Inc. will not take any action against employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission and/or testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under the Americans With Disabilities Act.

_____
**LINDSEY MANAGEMENT COMPANY, INC.**

_____
**DATE**

**APPENDIX B**

**NEUTRAL REFERENCE**

Dear _____,


     This letter is in reference to your request for information regarding the employment of Gary Fleeman while employed at Eagle Hill Apartments.

     Mr. Fleeman worked at Eagle Hill Apartments from _____ through _____.   Company policy does not permit us to give out any more information concerning Mr. Fleeman's employment.

     I am sure Mr. Fleeman can provide you with the details concerning his tenure at Eagle Hill Apartments.   I hope this information is helpful and that it satisfactorily answers your inquiry.


     Very truly yours,



     DIRECTOR OF HUMAN RESOURCES
     LINDSEY MANAGEMENT COMPANY